UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GRANGE SUPPLY CO. INC. OF PULLMAN and DIVINE CORPORATION,<br><br>        Plaintiffs,<br><br>    v.<br><br>CHS INC.,<br><br>        Defendant. | NO. CV-09-359-EFS<br><br>**PROTECTIVE ORDER** |

    On March 11, 2010, the parties filed a Motion for Entry of Stipulated Protective Order. (Ct. Rec. 17.) Based upon the parties' Stipulation, the following Protective Order is **HEREBY ENTERED:**

    1. As used herein, "Confidential Information" of any party disclosing information (the "Supplying Party") shall mean any and all information, including, without limitation, all oral written, graphical and/or electronic information disclosed to another party hereto (the "Receiving Party"), including, but not limited to, documents disclosed as part of the disclosure process and/or disclosed as responses for production of documents, answers to interrogatories, and deposition

ORDER * 1

transcripts, whether any such Confidential Information is delivered to the Receiving Party directly by the Supplying Party, or indirectly through an agent of the Disclosing Party and/or Receiving Party, including, but not limited, to an attorney representing a party, which is designated as "Confidential" as provided in Paragraphs 2 and 3 below.

2. Any party may designate as Confidential Information any information considered by such party to constitute confidential and proprietary to such party ("Designating Party").

3. Any Confidential Information supplied in written or graphical form shall be labeled by the Designating Party either "Confidential" or "Confidential - Attorneys Only." Any Confidential Information supplied in electronic form shall be accompanied by a document from the Designated Party identifying such information to be either "Confidential" or "Confidential - Attorneys Only." The Designating Party may label Confidential Information as "Confidential - Attorneys Only" only if, in the good faith belief of such party, the disclosure of such information to any person or entity other than those specified in Paragraph 4(b) of this Stipulated Protective Order would cause harm to the business and/or operations and/or reputation of such party. With respect to the examination of witnesses upon oral deposition, when Confidential Information is supplied and/or when the deponent's testimony contains, reflects or relates in any way to Confidential Information, the reporter will be informed of this Stipulated Protective Order by the party seeking confidentiality and will be required to operate in a manner consistent therewith. The reporter shall place on the cover of any deposition transcript which contains any Confidential Information the words "Contains Confidential Information." Counsel for the respective parties

ORDER * 2

shall take appropriate steps to prevent any portions of any deposition transcript designated "Confidential" or "Confidential - Attorneys Only" from being disclosed to any person except as provided in this Stipulated Protective Order. Each Designating Party shall provide the other parties with a list of the page(s) of each deposition transcript and any exhibits attached thereto that the party has designated as "Confidential" and/or "Confidential - Attorneys Only." Unless the parties otherwise agree, such list shall be provided to the other parties within ten business days after receipt by counsel for the respective parties of a copy of any deposition transcript.

    4.   All Confidential Information disclosed by a Disclosing Party to a Receiving Party shall be received by such Receiving Party in confidence, shall be used by such Receiving Party solely in connection with the trial or preparation for trial of the above-noted action, shall be treated by it in the same manner with which it treats its own information which it deems to be confidential and proprietary, and shall not be disclosed, directly or indirectly, to any person except as provided in this paragraph.

        a.   In the case of a "Confidential" designation, for each party other than the Designating Party, access to such information shall be limited to:

        (1)   the party receiving the information;

        (2)   counsel for the party whether or not counsel of record in this proceeding (including members and employees of such counsel's law firm) and in-house counsel for the party;

        (3)   persons engaged by the party's attorney to furnish expert and litigation support services;

ORDER * 3

(4) directors, officers, agents, employees, lenders, financial advisors, and accountants of the party to whom the Receiving Party believes, in good faith, it is necessary that the materials be shown solely for purposes of this legal action;

(5) pursuant to the restrictions set forth in Paragraph 6 of this Stipulated Protective Order, deponents in this legal action incident to their depositions;

(6) pursuant to the restrictions set forth in Paragraph 9 of this Stipulated Protective Order, officers of the Court, witnesses in any legal proceeding in this action for which it is relevant, and members of the jury; and

(7) such other persons as hereafter may be designated by written agreement of the parties or by order of the Court.

Said access shall be for the sole limited purpose of trial or preparation for trial of the above-noted action.

b.   In the case of a "Confidential - Attorneys Only" designation, for each party other than the Designating Party, access to such information shall be limited to:

(1) counsel for the party whether or not counsel of record in this proceeding (including members and employees of such counsel's law firm) and in-house counsel for the party;

(2) persons employed by the party's attorney to furnish expert and litigation support services in this action, but not including the party receiving the information, or any director, officer, agent or employee of the party;

ORDER * 4

      (3) pursuant to the restrictions set forth in Paragraph 9 of this Stipulated Protective Order, officers of the Court, members of the jury; and

      (4) such other persons as hereafter may be designated by written agreement of the parties or by order of the Court.

Said access shall be for the sole limited purpose of trial or preparation for trial of the above-noted action. Except for the Designating Party, no party to this action or any director, officer, employee or agent of such party (other than counsel) shall have access to Confidential Information which is designated "Confidential -Attorneys Only."

    5. A designation of confidentiality pursuant to this Stipulated Protective Order shall be effective and shall be respected by the parties and all persons in any way involved in these proceedings or to whose attention the aforesaid material or information shall come unless and until otherwise ordered by the Court or stipulated by all parties to this action. These obligations of confidentiality and non-disclosure shall survive for five years after the conclusion of this action.

    6. Confidential Information held by a party may be disclosed to persons as provided in Paragraph 4, provided that prior to such disclosure such person to whom disclosure of Confidential Information is to be made shall acknowledge and confirm in the form of a Declaration, in the form of Exhibit A hereto, that he or she has read this Stipulated Protective Order and agrees to comply with its terms. Confidential Information designated by a party as "Confidential" may be disclosed by any other party to a deponent during the deponent's deposition provided

ORDER * 5

that the deponent has been informed of this Stipulated Protective Order and executes a Declaration, in the form of Exhibit A hereto, that he or she has read this Stipulated Protective Order and agrees to comply with its terms. The attorneys for the respective parties shall maintain a file of such Declarations, and shall furnish to the requesting attorney a list of the executing individuals (excluding the names of experts and consultants whose names have not been disclosed in the litigation to date and their employees) within twenty (20) days of receipt of a written request.

Confidential Information designated by a party as "Confidential – Attorneys Only" may not be disclosed to a deponent unless he or she is a person qualified to have access to such information pursuant to Paragraph 4(b) of this Stipulated Protective Order, the parties otherwise agree, or the Court, for good cause shown, otherwise orders. If Confidential Information designated as "Confidential – Attorneys Only" is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive information or documents, or any things designated as "Confidential – Attorneys Only."

7.  Nothing herein shall prohibit a party, or its counsel, from disclosing a document which constitutes Confidential Information to the person whom the document identifies as an author, addressee or recipient of such document.

8.  All documents, including deposition transcripts, containing Confidential Information which are filed or lodged with the Court, shall be filed or lodged in a sealed envelope or other appropriate sealed container on which shall be endorsed the title to the action to which it

ORDER * 6

pertains, an indication of the nature of the contents of such sealed envelope or other container, the word "CONFIDENTIAL," and a statement substantially in the following form:

> "This envelope is sealed and contains confidential information filed [or lodged] in this case by [name of party] and is not to be opened or the contents thereof displayed or revealed except by order of the court or pursuant to stipulation of the parties to this action."

Said envelope or container shall not be opened without order of the Court except by officers of the Court and counsel of record who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container.

9.   In the event any Confidential Information is used in any pretrial or discovery proceeding in this action, it shall not lose its confidential status through such use. All Confidential Information and pretrial deposition testimony given in this action which contains or discusses Confidential Information ("Confidential Testimony") shall be presented only to persons authorized by the terms of this Stipulated Protective Order to have access to Confidential Information, or to the Court under seal. Any party filing Confidential Information or Confidential Testimony with the Court shall indicate to the Court on filing what portion(s) thereof are subject to this Stipulated Protective Order, and that the pretrial presentation of such Confidential Information or Confidential Testimony shall be filed under seal. All such Confidential Information and transcripts of Confidential Testimony shall be kept by the clerk under seal and shall be made available only to the Court and its staff and to the persons authorized by the terms of this Stipulated Protective Order to have access to Confidential Information.

10. The parties, their officers, agents and employees, and their attorneys, shall be responsible to see that the purpose and effect of this Stipulated Protective Order is achieved.

11. Nothing in this Stipulated Protective Order shall preclude a party from applying to the Court for an order removing "Confidential" designation from information. If the Court finds it appropriate, the Court may examine the designated material or hear the designated testimony in camera. Neither party shall be obligated to challenge the propriety of the confidential designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation. In the event of such a challenge, the party seeking confidentiality for particular documents or information shall have the burden of establishing confidentiality for the particular documents or information.

12. This Stipulated Protective Order may be modified by further order of this Court or by agreement of counsel for the parties, subject to the approval of the Court, provided that any such agreement be memorialized in the form of a stipulation that shall be filed with the clerk and made a part of the record in this case.

13. Within ninety (90) days following the termination of this action (including any appeals), all Confidential Information designated as such by the Supplying Party shall be returned to the Supplying Party, and all copies, summaries or transcripts thereof, and any and all other documents which contain, reflect, refer or relate to such Confidential Information which are not delivered to the Supplying Party, shall be destroyed, except that Counsel for each party may retain any attorney work product that contains Confidential Information. Counsel of record for each party shall attest to compliance with the terms of this

ORDER * 8

Paragraph 13 in an affidavit or declaration served on each other party within the 90-day period.

14. The provisions of this Stipulated Protective Order apply to all proceedings in this matter, including all appeals and proceedings upon remand.

15. Nothing in the foregoing provisions regarding confidentiality shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the foregoing provisions.

16. The attorneys of record are responsible for employing reasonable measures consistent with this Stipulated Protective Order, to control duplication of, access to, and distribution of copies of Confidential Information. Parties shall not duplicate any stamped confidential document except for producing working copies and for filing in court under seal.

17. The following provisions shall apply to inadvertent disclosures:

    a. The inadvertent, unintentional, or in camera disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

    b. If a Supplying Party realizes that it has inadvertently produced material it considers confidential without so marking it, it may notify the Receiving Party of the mistake. Upon

receiving such notice, the Receiving Party will treat such material and the information contained therein as Confidential or Confidential – Attorneys Only hereunder depending upon the Supplying Party's instructions, and shall promptly either so mark such material or shall return the material, uncopied, to the Supplying Party, who shall then promptly mark the material as Confidential or Confidential – Attorneys Only and again deliver it to the Receiving Party.

c.   The procedure set forth in sub-paragraph 17b, above, is in furtherance of and not in limitation of the provisions of sub-paragraph 17a. A Supplying Party's failure to follow the procedure set forth in sub-paragraph 17b shall not constitute a waiver of such party's claim of confidentiality as to any material or information.

18.   By entering into this Stipulated Protective Order, neither party waives any objections it may have to the production of any documents covered by this Stipulated Protective Order.

19.   The parties' Motion for Entry of Stipulated Protective Order **(Ct. Rec. 17)** is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and distribute copies to counsel.

**DATED** this ____22nd____ day of March 2010.

S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Civil\2009\359.stip.protect.wpd

ORDER * 10

**EXHIBIT A**

Timothy Esser, WSBA No. 6864
Roger Sandberg, WSBA No. 39020
ESSER & SANDBERG, PLLC
520 East Main Street
Pullman, Washington 99163
Telephone: (509) 3323-7692
Facsimile: (509) 334-2205
email@essersandberg.com

Attorneys for Plaintiffs Grange Supply Co., Inc. and Divine Corporation

William J. Schroeder, WSBA No. 7942
Gregory C. Hesler, WSBA No. 34217
PAINE HAMBLEM LLP
717 West Sprague Avenue, Suite 1200
Spokane, Washington 99201-3505
Telephone: (509) 455-6000
Facsimile: (509) 838-0007
william.schroeder@painehamblen.com
greg.hesler@painehamblen.com

Jeffrey M. Hamerling (Bar No. 91532)
*PRO HAC VICE*
jhamerling@archernorris.com
ARCHER NORRIS
A Professional Law Corporation
2033 North Main Street, Suite 800
Walnut Creek, California 94596-3759
Telephone:   925.930.6600
Facsimile:   925.930.6620

Attorneys for Defendant CHS INC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GRANGE SUPPLY CO., INC. OF PULLMAN and DIVINE CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>CHS, INC.,<br><br>Defendant. | CASE NO. No. CV-09-359-EFS<br><br>**DECLARATION OF _____ CONFIRMING COMPLIANCE WITH STIPULATED PROTECTIVE ORDER**<br><br>Assigned to: Hon. Judge Edward F. Shea |

I, _____, declare the following:

1.  I recognize that during my involvement in this case I may have occasion to read or hear of documents produced in this litigation, or matters which are designated as Confidential Information. I agree to use any such documents and matters solely in connection with my participation in this case and for no other purpose.

2.  I have read and I understand the Stipulated Protective Order entered in *Grange Supply Co. Inc., of Pullman et. al v. CHS Inc.*, United States District Court, Eastern District of Washington, Case No. CV-09-359-EFS and I agree to be bound by its terms in every respect.

3.  In addition, I consent to the jurisdiction of the United States District Court, Eastern District of Washington, with respect to any actions of any kind whatsoever relative to the enforcement of the Stipulated Protective Order, recognizing that in doing so I subject myself to the full powers of that Court, including the power of imposing sanctions for contempt.

4.  My address is : _____
    _____
    _____.

5.  My telephone number is: _____.

I declare under penalty of perjury under the laws of the State of _____ and the United States of America that the foregoing is true and correct.

Executed on _____, 200\_\_, at _____, State of
                                    (city)
_____.

_____
(Signature)